IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **REGINA COCO LaRUE,** | * | |
| Plaintiff | * | |
| v. | * | Civ. No. DLB-25-225 |
| **DIANN CHASE,** *et al.* | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

Self-represented plaintiff Regina Coco LaRue filed a 69-page amended complaint against ten defendants, alleging the defendants, "through a series of malicious actions spanning several years, have engaged in conduct including but not limited to defamation, intentional infliction of emotional distress, tortious interference with Plaintiff personal and business relations, invasion of privacy, conspiracy, fraud, and copyright infringement of unreleased songs." ECF 5, ¶ 3. She says their "actions have included spreading false and damaging information about Plaintiff to others and to worldwide spiritual practitioners engaging in occult practices aimed at harming Plaintiff, interfering with Plaintiff's business relationships, improperly obtaining and misusing Plaintiff's personal information and targeting Plaintiff['s] family members." *Id.* ¶ 4.

Tiasheca Talley, Diann Chase, Tonisha Porter, Larondra Dison, Montrell Dison, and Merrick Dison have filed motions to dismiss for lack of personal jurisdiction or, alternatively, for failure to state a claim, ECF 15, 18, 22, 25, 31, 35, and defendants Claudia Angela Jordan and Marguerite Diann Braithwaite have moved to dismiss for failure to state a claim, ECF 45. LaRue opposes their motions. ECF 38, 48. Because LaRue fails to establish that the Court has personal jurisdiction over Talley, Chase, Porter, Larondra Dison, Montrell Dison, or Merrick Dison, their motions to dismiss for lack of personal jurisdiction are granted. Because LaRue's factual

allegations and claims are unclear and the amended complaint greatly exceeds the 40-page limit, the motions to dismiss for failure to state a claim are granted. The complaint is dismissed without prejudice. LaRue may file a second amended complaint that does not exceed 40 pages and that corrects the deficiencies noted.

I.     **Motions to Dismiss for Lack of Jurisdiction**

A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction challenges the propriety of a particular court's exercise of power over a particular defendant. *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 131 (4th Cir. 2020). The inquiry for a Rule 12(b)(2) motion is similar to the inquiry for a Rule 12(b)(6) motion: "[T]he district court must determine whether the facts proffered by the party asserting jurisdiction—assuming they are true—make out a case of personal jurisdiction over the party challenging jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). But there is one significant difference: "[A] court may look beyond the complaint to affidavits and exhibits in order to assure itself of personal jurisdiction." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020) (citing *Grayson v. Anderson*, 816 F.3d 262, 269 (4th Cir. 2016)). Throughout, the court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). Nevertheless, "[w]hen personal jurisdiction is addressed under Rule 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a *prima facie* case of jurisdiction." *Hawkins*, 935 F.3d at 226.

A federal district court may have either general or specific jurisdiction over a nonresident defendant. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). A court has general jurisdiction over a defendant if the defendant's conduct in the state

is not the basis for the suit, *see id.*, and the defendant's connections to the state are "so constant and pervasive as to render it essentially at home in the forum State," *Fidrych*, 952 F.3d at 132 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). By contrast, a court has specific jurisdiction over a nonresident defendant if "the defendant has purposefully availed itself of the privilege of conducting activities in the state," "the plaintiff['s] claims arise out of those activities directed at the state," and "the exercise of personal jurisdiction would be constitutionally reasonable." *Carefirst*, 334 F.3d at 397. LaRue alleges in conclusory terms that "[t]his Court has personal jurisdiction over the Defendants because they have purposefully directed their activities at residents of Maryland, including the Plaintiff, and this litigation results from alleged injuries that arise out of or relate to those activities." ECF 5, ¶ 21. La Rue is not alleging "constant and pervasive" connections to the state to establish general jurisdiction. *See Fidrych*, 952 F.3d at 132. LaRue, then, must establish that this Court has specific jurisdiction over the defendants.

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *See* Fed. R. Civ. P. 4(k)(1)(A); *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). Specific jurisdiction exists if, but only if, "(1) the exercise of jurisdiction [is] authorized under the state's long-arm statute; and (2) the exercise of jurisdiction . . . comport[s] with the due process requirements of the Fourteenth Amendment." *Carefirst*, 334 F.3d at 396.

Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103(b), reaches as far as the Due Process Clause permits. *See Carefirst*, 334 F.3d at 396 (citing *Mohamed v. Michael*, 370 A.2d 551, 553 (Md. 1977)). Even so, courts cannot combine their analyses of the long-arm statute and the Due Process Clause. *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006). Rather, they first must apply the long-arm statute to the facts to determine whether the "defendant's activities are covered by the statutory language." *Dring v. Sullivan*, 423 F. Supp. 2d

3

540, 545 (D. Md. 2006) (quoting *Joseph M. Coleman & Assocs., Ltd. v. Colonial Metals*, 887 F. Supp. 116, 118 n.2 (D. Md. 1995)). After an analysis of the long-arm statute, courts next analyze whether the exercise of personal jurisdiction over a nonresident defendant accords with due process. *See Carefirst*, 334 F.3d at 397.

Maryland's long-arm statute limits specific jurisdiction to cases where the cause of action "aris[es] from any act enumerated in the statute itself." Md. Code, Cts. & Jud. Proc. § 6-103(a). The statute authorizes jurisdiction over a party who, directly or by an agent, acts in one of six ways:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply goods, food, services, or manufactured products in the State;
> (3) Causes tortious injury in the State by an act or omission in the State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
> (5) Has an interest in, uses, or possesses real property in the State; or
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Cts. & Jud. Proc. § 6-103(b).

LaRue's conclusory assertion of personal jurisdiction in her amended complaint is insufficient to establish jurisdiction under Maryland's long-arm statute. Further, LaRue did not respond to the defendants' argument that the Court lacks personal jurisdiction over them. ECF 38 (omnibus opp'n). The motions are granted, and the claims against Talley, Chase, Porter, Larondra Dison, Montrell Dison, and Merrick Dison are dismissed without prejudice for lack of personal jurisdiction.

## II. Motions to Dismiss for Failure to State a Claim

To comply with the Federal Rules of Civil Procedure, the complaint must contain, at a minimum, "a short and plain statement of the claim" that shows that the plaintiff "is entitled to relief," and a request for the relief the plaintiff seeks. Fed. R. Civ. P. 8(a). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." The complaint cannot simply make conclusory allegations or recite the elements of each cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint may not exceed 40 pages without leave of Court. *See* Loc. R. 103.1(d). LaRue's 69-page complaint exceeds 40 pages, and she did not obtain leave of Court to file it.

Complaints drafted by self-represented plaintiffs like LaRue are held to "less stringent standards" than those drafted by attorneys. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). Therefore, because LaRue's complaint may include a cognizable claim—although none is immediately apparent to the Court—she should have the opportunity to identify the actions of each defendant that could lead to their liability. *See Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978).

LaRue may file a second amended complaint. It may not exceed 40 pages. The second amended complaint will replace the original complaint. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). LaRue's second amended complaint must include all allegations against each remaining defendant, so that the second amended complaint may stand alone as the sole complaint that the defendants must answer in this action. Additionally, the second amended

complaint must meet the requirements of this Order, or the second amended complaint may be dismissed with prejudice.

### III. Other Motions

LaRue has filed several premature motions, which the Court denies without prejudice.

On February 21, 2025, LaRue filed a motion to expedite discovery. ECF 8. Discovery does not begin until the Court issues a scheduling order. *See* Loc. R. 104.4. Therefore, the motion to expedite discovery is denied. After LaRue files a second amended complaint and any motions to dismiss that complaint are resolved and if any claims survive the motions, the Court will issue a scheduling order.

On March 6 and 15 and April 10, 2025, LaRue filed motions for default judgment as to defendants Antonio Miguel Terry and Claudia Angela Jordan, ECF 39; Marguerite Diann Braithwaite, ECF 40; and Kumar Gangaiah, ECF 47. The Court cannot enter a default judgment based on a defendant's failure to respond to the complaint until the plaintiff requests and the Clerk of the Court enters a default as to that defendant. *See* Fed. R. Civ. P. 55(a), (b). Moreover, entry of default is not appropriate because the Court is dismissing the amended complaint. The motions for default judgment are denied without prejudice.

### IV. Conclusion

The motion to expedite discovery, ECF 8, is denied. The motions to dismiss, ECF 15, 18, 22, 25, 31, 35, and 45, are granted. The amended complaint is dismissed without prejudice, and LaRue is granted 28 days from the date of this Order to file a second amended complaint. The

motions for default judgment, ECF 39, 40, and 47 are denied without prejudice. A separate order shall issue.

April 14, 2025
Date

Deborah L. Boardman
United States District Judge